# EXHIBIT C

**Intervenors' Answer to Verified Complaint**

Bruce D. Skaug
bruce@skauglaw.com
ID Bar No. 3904
Raul R. Labrador
raul@skauglaw.com
ID Bar No. 5469
SKAUG LAW, P.C.
1226 E. Karcher Road
Nampa, ID 83687
(208) 466-0030
(208) 466-8903 Fax

Roger G. Brooks*
rbrooks@ADFlegal.org
NC Bar No. 16317
Jeffrey A. Shafer*
jshafer@ADFlegal.org
IL Bar No. 6230713
ALLIANCE DEFENDING FREEDOM
15100 N. 90th St.
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax

Kristen K. Waggoner*
kwaggoner@ADFlegal.org
D.C. Bar No. 242069
Parker Douglas*
pdouglas@ADFlegal.org
MI Bar No. P83242
Christiana M. Holcomb*
cholcomb@ADFlegal.org
D.C. Bar No. 176922
ALLIANCE DEFENDING FREEDOM
440 First St. NW, Suite 600
Washington, D.C. 20001
(202) 393-8690
(202) 347-3622 Fax

*Applications for admission *pro hac vice*
forthcoming

*Attorneys for Proposed Intervenors*

**UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO**

| | |
|---|---|
| LINDSAY HECOX, and JANE DOE with her next friends JEAN DOE and JOHN DOE,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>BRADLEY LITTLE, in his official capacity as Governor of the State of Idaho; SHERRI YBARRA, in her official capacity as the Superintendent of Public Instruction of the State of Idaho and as a member of the Idaho State Board of Education; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF EDUCATION, in their official capacities; BOISE STATE UNIVERSITY; MARLENE TROMP, in her official capacity as President of Boise State University; INDEPENDENT | Case No. 1:20-cv-00184-DCN<br><br>**INTERVENORS' ANSWER TO VERIFIED COMPLAINT** |

SCHOOL DISTRICT OF BOISE CITY #1;
COBY DENNIS, in his official capacity as
superintendent of the Independent School
District of Boise City #1; THE INDIVIDUAL
MEMBERS OF THE BOARD OF
TRUSTEES OF THE INDEPENDENT
SCHOOL DISTRICT OF BOISE CITY #1, in
their official capacities; THE INDIVIDUAL
MEMBERS OF THE IDAHO CODE
COMMISSION, in their official capacities,

*Defendants.*

## INTERVENORS' ANSWER TO VERIFIED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 24(c), Intervenor-Defendants respond to the numbered paragraphs in Plaintiffs' Complaint as follows:

1.      The allegations in paragraph 1 constitute legal conclusions and general commentary to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 1 are denied.

2.      Allegations in paragraph 2 regarding H.B. 500 constitute legal conclusions and general commentary to which no response is required. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 and they are therefore denied.

3.      Allegations in paragraph 3 regarding H.B. 500 constitute legal conclusions and general commentary to which no response is required. Intervenors deny that persons of the male sex are women or girls. Intervenors deny the third sentence of paragraph 3. Intervenors deny that "unfounded stereotypes and false scientific claims led to the passage of H.B. 500 and are embodied within" [H.B. 500]" Intervenors lack knowledge or information sufficient to form a belief about the truth of reported issues with the administration of prior rules in Idaho and

therefore this allegation is denied. Intervenor denies the remainder of the allegations this paragraph.

4.      Allegations in paragraph 4 regarding H.B. 500 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Intervenors deny the allegations in Paragraph 4 in their entirety.

5.      Allegations in paragraph 5 regarding H.B. 500 constitute legal conclusions and general commentary to which no response is necessary. To the extent a response is deemed necessary, Intervenors deny the allegations in Paragraph 5 in their entirety.

6.      Intervenors deny that Lindsay Hecox is an "adult woman." Intervenors lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 6 and they are therefore denied.

7.      Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 and they are therefore denied.

8.      Intervenors admit that Bradley Little is Governor of the State of Idaho. Allegations in paragraph 8 regarding H.B. 500, the Constitution of Idaho, the Idaho Code, and 42 U.S.C. § 1983, constitute legal conclusions to which no response is required. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 and they are therefore denied.

9.      Intervenors admit that Sherri Ybarra is Superintendent of Public Instruction in Idaho. Allegations in paragraph 9 regarding 42 U.S.C. § 1983 constitute legal conclusions to which no response is required. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 and they are therefore denied.

10. Allegations in paragraph 10 regarding H.B. 500, 42 U.S.C. § 1983, and the Idaho Code, constitute legal conclusions to which no response is required. Intervenors admit that Idaho's state educational institutions receive Federal financial assistance. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph10 and they are therefore denied.

11. Intervenors admit allegations in paragraph 11.

12. Intervenors admit that Dr. Marlene Tromp is the President of Boise State University. Allegations in paragraph 12 regarding 42 U.S.C. § 1983 constitute legal conclusions to which no response is required. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 and they are therefore denied.

13. Intervenors admit allegations in paragraph 13.

14. Intervenors admit that Coby Dennis is the superintendent of the Boise School District. Allegations in paragraph 14 regarding 42 U.S.C. § 1983 constitute legal conclusions to which no response is required. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 and they are therefore denied.

15. Allegations in paragraph 15 regarding 42 U.S.C. § 1983 and the Idaho Code constitute legal conclusions to which no response is required. Intervenors admit that the Boise School District and Boise High School receive Federal financial assistance. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and they are therefore denied.

16. Allegations in paragraph 16 regarding 42 U.S.C. § 1983 and the Idaho Code constitute legal conclusions to which no response is required. Intervenors lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in this paragraph and they are therefore denied.

17.    Allegations in paragraph 17 constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Intervenors deny the allegations of paragraph 17 in their entirety.

18.    Allegations in paragraph 18 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Intervenors deny the allegations.

19.    Allegations in paragraph 19 constitute legal conclusions to which no response is required. Intervenors admit that a substantial part of the events giving rise to the alleged claims occurred in the District, and that the institutional defendants exist in the District. Intervenors lack knowledge or information sufficient to form a belief about the residence of the individual defendants.

20.    Intervenors admit that this Court has authority to enter declaratory judgments and to provide injunctive relief, but deny that such relief is proper in this case.

21.    Allegations in paragraph 21 constitute legal conclusions regarding personal jurisdiction to which no response is required. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21 and they are therefore denied.

22.    Intervenors deny that Lindsay Hecox is a woman. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22 and they are therefore denied.

23.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegation implied in paragraph 23 and it is therefore denied.

24.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and they are therefore denied.

25.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and they are therefore denied.

26.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and they are therefore denied.

27.     Intervenors deny that a person of the male sex is or can become a woman. Intervenors deny that an individual's sex is "assigned at birth," as it is in fact determined at conception. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 and they are therefore denied.

28.     Intervenors deny that a person of the male sex is or can become a woman. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28.

29.     Intervenors deny that gender dysphoria is a medical condition, and deny that sex is "assigned at birth." Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 and they are therefore denied.

30.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 and they are therefore denied.

31.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and they are therefore denied.

32.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and they are therefore denied.

33.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 and they are therefore denied.

34.     Intervenors admit that collegiate athletes have five potential years to compete under NCAA eligibility rules. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34 and they are therefore denied.

35.     Intervenors deny that a person of the male sex is female. Intervenors deny that the tests for "biological sex" set out in H.B. 500 would bar a female from competing on a female team in Idaho. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 and they are therefore denied.

36.     Intervenors deny that it is not an option for a male student to participate on a male sports team. Intervenors deny that a person of the male sex is a woman. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 and they are therefore denied.

37.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and they are therefore denied.

38.     Intervenors deny that H.B. 500 impedes Plaintiff's participation in college athletics, deny that a person of the male sex is a woman, and deny that H.B. 500 would exclude any woman from women's sports competition. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38 and they are therefore denied.

39.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and they are therefore denied.

40.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and they are therefore denied.

41.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and they are therefore denied.

42.    Intervenors deny that an individual's sex is "assigned at birth." Intervenors lack knowledge or information sufficient to form a belief about the truth of the remainder or the allegations in paragraph 42 and they are therefore denied.

43.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 and they are therefore denied.

44.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and they are therefore denied.

45.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 and they are therefore denied.

46.    Intervenors deny that H.B. 500 has created a system that could be used to bully or harass female athletes. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 46 and they are therefore denied.

47.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and they are therefore denied.

48.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and they are therefore denied.

49.    Intervenors deny that H.B. 500 requires any invasive or uncomfortable tests or any ultrasound test. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 49 and they are therefore denied.

50.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and they are therefore denied.

51.     Intervenors deny that H.B. 500 requires any discredited sex verification practices. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 51 and they are therefore denied.

52.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 and they are therefore denied.

53.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 and they are therefore denied.

54.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 and they are therefore denied.

55.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and they are therefore denied.

56.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and they are therefore denied.

57.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 and they are therefore denied.

58.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 and they are therefore denied.

59.     Intervenors deny that persons of the male sex are women. Intervenors admit that IOC and World Athletics regulations permit men to compete in women's competitions in certain circumstances.

60.     Intervenors admit that paragraph 60 accurately quotes from the document it cites

in footnote 7. Intervenors deny the remainder of the allegation in paragraph 60.

61.    Intervenors deny that persons of the male sex are women. Intervenors admit that current IOC rules allow men to compete in women's sports competitions upon proof of their testosterone suppression for a year to a level under 10nMol/L—a level multiple times higher than the normal range of testosterone levels for women.

62.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 and they are therefore denied.

63.    Intervenors deny that persons of the male sex are women. The form of the allegations in paragraph 63 are not sufficiently specific to permit certainty as to its claims and they are therefore denied.

64.    Intervenors deny the allegations of paragraph 64.

65.    Intervenors deny that H.B. 500 would bar competition in women's sports to any woman, and deny that H.B. 500's standards are restrictive. The form of the allegations in paragraph 65 are not sufficiently specific to permit certainty as to the remainder of its claims, and they are therefore denied.

66.    Intervenors admit that in the United States high school athletics are generally governed by state interscholastic associations.

67.    Intervenors deny the allegations of paragraph 67.

68.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and they are therefore denied.

69.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 and they are therefore denied.

70.    Intervenors deny the allegation of paragraph 70.

71.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 71 and they are therefore denied.

72.     Intervenors admit that the provision quoted in paragraph 71 does not mention "intersex traits."  Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 72 and they are therefore denied.

73.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 73 and they are therefore denied.

74.     Intervenors deny that persons of the male sex are women or girls. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 74 and they are therefore denied.

75.     Intervenors deny that persons of the male sex are women. Intervenors admit that the current NCAA policy was adopted in 2011 and has been in effect since that time. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 and they are therefore denied.

76.     Intervenors deny that there have been "no reported disturbance to women's sports" as a result of competition of males in women's divisions. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 and they are therefore denied.

77.     Intervenors admit that H.B. 550 was introduced on February 13, 2020 by Rep. Barbara Ehardt. Intervenors deny that H.B. 500 would exclude any women or girls from participation in women's sports.

78.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 and they are therefore denied.

79.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 and they are therefore denied.

80.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 and they are therefore denied.

81.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 and they are therefore denied.

82.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 and they are therefore denied.

83.     Intervenors deny that paragraph 83 accurately characterizes the contents of the referenced letter.

84.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 and they are therefore denied.

85.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85 and they are therefore denied.

86.     Intervenors deny that the amended version of H.B. 500 excludes any women or girls from women's sports participation. Intervenors deny that H.B. 500 requires any "invasive testing." Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 86 and they are therefore denied.

87.     Intervenors admit that the paragraph accurately reproduces the text of H.B. 500 as signed into law.

88.     Intervenors admit that the text of H.B. 500 leaves latitude to the health care provider who undertakes to verify a student's biological sex.

89.     Intervenors lack knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 89 and they are therefore denied.

90.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 and they are therefore denied.

91.     Intervenors deny that Doriane Lambelet Coleman's work was misleadingly cited in the H.B. 500 legislative findings. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 91 and they are therefore denied.

92.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92 and they are therefore denied.

93.     Intervenors admit that Governor Little signed H.B. 500 into law and that it becomes effective on July 1, 2020.

94.     Paragraph 94 contains legal conclusions to which no response is required. The text of H.B. 500 speaks for itself, as does the content of the court's decision in *F.V. v. Barron*, 286 F. Supp. 3d 1131 (D. Idaho 2018). To the extent a response is deemed necessary, Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 and they are therefore denied.

95.     Intervenors deny that "gender identity" is a medical term, and otherwise deny that the definition alleged in paragraph 95 constitutes an authoritative or reliable definition of this new and variously used term.

96.     Intervenors deny the allegations in paragraph 96.

97.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97, particularly because one cannot know and accurately describe what "everyone" experiences, and they are therefore denied.

13

98.     Intervenors deny that the term "biological sex" is imprecise. Intervenors further deny that gender identity is a biological attribute, or a feature of sex. Intervenors admit that a person's sex is manifest in several different biological attributes, and admit that in some circumstances when a person suffers from a disorder of sexual development (DSD) anomalous physical attributes can make discernment of sex more difficult. Due to their imprecision, Intervenors deny the remainder of the allegations in this paragraph.

99.     Intervenors admit that sex is recognized at birth and customarily recorded on a child's birth certificate in the United States. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 99 and they are therefore denied.

100.     Intervenors deny the allegations of paragraph 100.

101.     Intervenors deny that the paragraph accurately states the contents of the DSM-V.

102.     Intervenors deny that gender dysphoria is a medical condition. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 that gender dysphoria causes (rather than coexists with) anxiety, depression, self-harm, and suicidal actions, and therefore denies those allegations.

103.     Intervenors admit that suicide rates among those identifying as transgender are far higher than in the popular at large both before and after "social transition" or "gender affirmation." Intervenors deny the remainder of the allegations in paragraph 103.

104.     Intervenors admit that the advocacy organization World Professional Association for Transgender Health has published what it identifies as standards of care for treating individuals with gender dysphoria, but deny that they are widely accepted. Intervenors deny that the Endocrine Society has published standards of care for treating individuals with gender

dysphoria. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 104 and they are therefore denied.

105.    As the allegations in paragraph 105 are insufficiently specific to permit a certain conclusion about their meaning, Intervenors deny them.

106.    Intervenors deny that there are generally accepted standards of care for gender dysphoria. As the remaining allegations in paragraph 106 are insufficiently specific to permit a certain conclusion about their meaning, Intervenors deny them.

107.    Intervenors deny the allegations in paragraph 107.

108.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 that endogenous puberty causes extreme distress for many adolescents who assert a transgender identity, rather than endogenous puberty being a condition or context in which other troubles cause the distress felt by those adolescents. As a result, Intervenors deny that allegation. Intervenors admit that puberty blocking drugs interfere with endogenous puberty. Intervenors deny the remaining allegations in paragraph 108.

109.    Intervenors deny that a person of the male sex is a girl. Intervenors admit that puberty-blocking drugs interfere with endogenous puberty and limit the influence of endogenous hormones on the body. Intervenors lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 109 and they are therefore denied.

110.    Intervenors admit that the overwhelming majority of youth who are treated with puberty blockers go on to take cross-sex hormones. Intervenors deny that cross-sex hormone infusions are medically necessary. Intervenors deny that any person can experience the puberty of the opposite sex by taking cross-sex hormones. Intervenors deny that persons of the male sex are girls, and deny that persons of the female sex are boys. Intervenors admit that it is a standard

regimen for boys who wish to have a more feminine physical appearance to take synthetic estrogen while also administering testosterone-suppressing drugs, and that girls who wish to have a more masculine appearance administer testosterone.

111.    Intervenors lack knowledge or information about the protocols to which Plaintiffs allude in paragraph 111 sufficient to form a belief about the truth of that allegation and it is therefore denied. Intervenors deny that "gender-affirming therapy" is medically necessary.

112.    Intervenors admit that hormone therapy may change a person's physical appearance and affect certain bodily systems. Because of the imprecision of the allegation and its uncertain import, Intervenors deny the remaining allegations in paragraph 112.

113.    Intervenors admit that minors and adults subject themselves to surgeries in hope of approximating the appearances of the opposite sex and to alter hormone production. Intervenors admit that persons who identify as transgender do not need surgical treatment to alleviate their dysphoria. Intervenors deny the remainder of the allegations in paragraph 113.

114.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 and they are therefore denied.

115.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115 and they are therefore denied.

116.    Intervenors deny the allegations in paragraph 116.

117.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 and they are therefore denied.

118.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118 and they are therefore denied.

119.    Intervenors lack knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 119 and they are therefore denied.

120.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120 and they are therefore denied.

121.    Intervenors deny that H.B. 500 bars women and girls from participation in athletic activities for women and girls. Intervenors admit that H.B. 500 will preclude males from qualifying to compete in athletic activities for women and girls. Paragraph 121 contains legal conclusions for which no response is required. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 121 and they are therefore denied.

122.    Intervenors deny that H.B. 500 bars any women and girls from participation in athletic activities for women and girls. Intervenors deny that H.B. requires any invasive and traumatizing examinations. Paragraph 122 contains legal conclusions for which no response is required. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 122 and they are therefore denied.

123.    Paragraph 123 contains legal conclusions for which no response is required. To the extent a response is deemed necessary, Intervenors deny the allegations in paragraph 123.

124.    Paragraph 124 contains legal conclusions for which no response is required. To the extent a response is deemed necessary, Intervenors deny the allegations in paragraph 124.

125.    Intervenors admit the allegations in paragraph 125.

126.    Intervenors deny the allegations of paragraph 126.

127.    Intervenors deny that tests mentioned in H.B. 500 are very expensive. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127 and they are therefore denied.

128.    Intervenors deny that H.B. 500 requires disclosure of any private medical information. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 128 and they are therefore denied.

129.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129 and they are therefore denied.

130.    Intervenors deny that H.B. 500 requires the disclosure of results of medical tests to school officials. Intervenors admit that H.B. 500 does not impose confidentiality obligations on medical providers or school officials beyond the extensive confidentiality obligations already imposed by state and federal laws.

131.    Intervenors deny the allegations of paragraph 131.

132.    Intervenors admit the allegations in paragraph 132.

133.    Intervenors admit the allegations of paragraph 133.

134.    Intervenors deny that H.B. 500 bars any women or girls from participation in athletic competition or limits the benefit of athletics for any women or girls, or that H.B. 500 will discourage any participation in athletics.

135.    Intervenors deny that persons of the male sex are women or girls. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 135 and they are therefore denied.

136.    Intervenors deny the allegations of paragraph 136.

137.    Intervenors deny that persons of the male sex are girls or women. Intervenors deny the remaining allegations of paragraph 137.

138.    Paragraph 138 merely incorporates Plaintiffs' allegations to which Intervenors have already responded, and thus requires no response here.

139.    Intervenors admit the allegations in paragraph 139.

140.    Intervenors admit that paragraph 140 accurately quotes a portion of the Fourteenth Amendment in paragraph 140. The remainder of paragraph 140 constitutes a legal conclusion as to which no response is required.

141.    Paragraph 141 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in paragraph 141.

142.    Paragraph 142 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in paragraph 142.

143.    Intervenors deny the allegations in paragraph 143.

144.    Intervenors deny that H.B. 500 requires "invasive testing." The remainder of paragraph 144 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in paragraph 144.

145.    Paragraph 145 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny that persons of the male sex are girls or women. Intervenors deny that high school and collegiate athletic competition in Idaho is organized in terms of gender identity, and so deny that H.B. 500 excludes any students from athletic competition based on their gender identity. Intervenors deny the remaining allegations in paragraph 145.

146.    Intervenors deny the allegations in paragraph 146.

147.    Intervenors deny the allegations in paragraph 147.

148.    Intervenors deny the allegations in paragraph 148.

149.    Intervenors deny the allegations in paragraph 149.

150.    Intervenors deny the allegations in paragraph 150.

151.    Intervenors deny the allegations in paragraph 151.

152.    Paragraph 152 merely incorporates Plaintiffs' allegations to which Intervenors have already responded, and thus requires no response here.

153.    Intervenors admit the allegations in paragraph 153.

154.    Paragraph 154 contains legal conclusions for which no response is required.

155.    Paragraph 155 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

156.    Paragraph 156 contains legal conclusions for which no response is required. To the extent an additional response is required, Intervenors deny the allegations in this paragraph.

157.    Intervenors deny that H.B. 500 requires invasive examinations, and deny that H.B. 500 requires any person to turn over sensitive information to government officials. Paragraph 157 contains legal conclusions for which no response is required. To the extent an additional response is required, Intervenors deny the allegations in this paragraph.

158.    Paragraph 158 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

159.    Intervenors deny that H.B. 500 requires forced disclosure by any person of information including genetic information or information about genital or reproductive anatomy. The additional allegations of Paragraph 159 comprise legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the

20

allegations in this paragraph.

160.    Paragraph 160 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

161.    Intervenors deny that H.B. 500 requires "intrusive and offensive testing" or authorizes disclosure of "sensitive information." The additional allegations of paragraph 161 comprise legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

162.    Paragraph 162 merely incorporates Plaintiffs' allegations to which Intervenors have already responded, and thus requires no response here.

163.    Intervenors admit the allegations in paragraph 163.

164.    Intervenors admit that paragraph 164 accurately quotes from the Fourth Amendment to the United States Constitution in this paragraph.

165.    Paragraph 165 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

166.    Paragraph 166 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

167.    Paragraph 167 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

168.    Paragraph 168 contains legal conclusions for which no response is required. To

the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

169.    Intervenors deny that H.B. 500 requires disclosure of any private medical information. The additional allegations of paragraph 169 comprise legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

170.    Intervenors deny the allegations in paragraph 170.

171.    Intervenors deny that H.B. 500 requires disclosure to school officials of information about genetics, hormones, or genitals. The additional allegations of paragraph 171 comprise legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

172.    Paragraph 172 merely incorporates Plaintiffs' allegations to which Intervenors have already responded, and thus requires no response here.

173.    Intervenors admit the allegations in paragraph 173.

174.    Intervenors admit that Plaintiffs have accurately quoted text from 20 U.S.C. § 1681(a) in paragraph 174.

175.    Paragraph 175 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

176.    Paragraph 176 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors admit the first sentence of paragraph 176, and deny the second sentence including because in some circumstances compliance with Title IX may require the separation of sports teams by sex.

177.    Paragraph 177 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

178.    Paragraph 178 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph, except admit that the quoted language appears in H.B. 500.

179.    Intervenors deny that H.B. 500 acts to exclude any person from participation in sports, and therefore deny the allegations of paragraph 179.

180.    Paragraph 180 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors state that they lack knowledge or information sufficient to form a belief about the truth of Defendants barring Plaintiff Hecox from girls and women's athletic teams, and therefore deny that allegation. Intervenors further deny that a person of the male sex is a girl or woman. Intervenors deny the remaining allegations in paragraph 180.

181.    Intervenors deny the allegations or paragraph 181.

182.    Paragraph 182 merely incorporates Plaintiffs' allegations to which Intervenors have already responded, and thus requires no response here.

183.    Intervenors admit the allegations in paragraph 183.

184.    Paragraph 184 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

185.    Paragraph 185 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this

paragraph.

186.    Paragraph 186 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

187.    Paragraph 187 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Intervenors deny the allegations in this paragraph.

## ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF

Intervenors deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs lack standing to bring the claims asserted.

2.    Plaintiffs fail to state a claim upon which relief can be granted.

3.    The relief requested by Plaintiffs would violate Intervenors' rights under Title IX, 20 U.S.C. § 1681, et seq. and its interpreting regulations.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiffs' Complaint, Defendants pray that the Complaint be dismissed, with prejudice.

Respectfully submitted this 26th day of May, 2020.

By: */s/Bruce D. Skaug*

| | |
|---|---|
| Roger G. Brooks* | Bruce D. Skaug |
| rbrooks@ADFlegal.org | bruce@skauglaw.com |
| NC Bar No. 16317 | Idaho Bar No. 3904 |
| Jeffrey A. Shafer* | Raul R. Labrador |
| jshafer@ADFlegal.org | raul@skauglaw.com |
| IL Bar No. 6230713 | Idaho Bar. No. 5469 |
| ALLIANCE DEFENDING FREEDOM | SKAUG LAW, P.C. |
| 15100 N. 90th St. | 1226 E. Karcher Road |
| Scottsdale, AZ 85260 | Nampa, ID 83687 |
| (480) 444-0020 | (208) 466-0030 |
| (480) 444-0028 Fax | (208) 466-8903 Fax |

Kristen K. Waggoner*                    *Applications for admission *pro hac vice*
kwaggoner@ADFlegal.org                 forthcoming
D.C. Bar No. 242069
Parker Douglas*
pdouglas@ADFlegal.org
MI Bar No. P83242
Christiana M. Holcomb*
cholcomb@ADFlegal.org
D.C. Bar No. 176922
ALLIANCE DEFENDING FREEDOM
440 First St. NW, Suite 600
Washington, D.C. 20001
(202) 393-8690
(202) 347-3622 Fax

*Attorneys for Proposed Intervenors*